**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAMERON MCCARY,** | : | |
|   **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-0042** |
| | : | |
| **UNKNOWN DETECTIVE,** | : | |
|   **Defendant.** | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                     **JUNE 16, 2026**

Plaintiff Cameron McCary, an unrepresented litigant, commenced this action by filing a

complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising

from events that occurred while he was incarcerated at SCI Phoenix.  Currently before the Court

are McCary's Affidavit in Support of Motion for Leave to Proceed *In Forma Pauperis* (ECF No.

11)[1] and Complaint, in which he asserts claims against two John Doe detectives.  ("Compl."

(ECF No. 1)).  For the following reasons, the Court will grant McCary leave to proceed *in forma*

*pauperis*, dismiss his constitutional claims without prejudice for failure to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss his state law claims without prejudice for lack of

subject matter jurisdiction.  McCary will be granted leave to file an amended complaint.

---

[1] The Court construes this document as a third Motion for Leave to Proceed *In Forma Pauperis*.

## I.    FACTUAL ALLEGATIONS[2]

The gravamen of McCary's claim is that when he was unable to provide information to the Defendants regarding the alleged murder of an SCI Phoenix inmate, they prepared a report falsely labelling McCary a "snitch" that was circulated through SCI Phoenix, with the result that McCary was threatened and physically attacked. (*See* Compl.)  In November 2024, when McCary was an inmate at SCI Phoenix, he was called to the medical unit for a sick call visit. (*Id.* at 6.)  Before he arrived at the medical unit, he was "ambushed" by unidentified members of the security department and led to that department instead of the medical unit. (*Id.*)  In the security department, McCary was met with the Defendants, identified as "Montgomery County police detectives," who were investigating a murder that allegedly occurred at SCI Phoenix in August 2024. (*Id.*)  They questioned McCary, who was not present when the alleged murder occurred and had no information to provide. (*Id.*)  The Defendants insisted that McCary provide information and accused him of lying when he repeated that he had no information. (*Id.*)  They insisted that because he shared a vent with the victim, he must possess information about the murder. (*Id.*)  McCary responded that he was in the yard at the time of the murder and so did not hear what happened. (*Id.*)  He added, however, that after he returned from the yard, while in lock down in his cell, he heard non-Defendants Terra and Dep. Kertes talking through the vent. (*Id.* at 8.)  McCary related that the prison officials were planning to make the attack look random and they noted the importance of avoiding liability related to the incident. (*Id.*)

---

[2] Unless otherwise noted, the factual allegations set forth in this Memorandum are taken from McCary's Complaint (ECF No. 1).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in McCary's pleadings will be corrected for clarity.

The Unknown Detectives expressed anger when McCary made allegations against prison officials. (*Id*.) The female Unknown Detective threatened McCary, stating that if he did not provide the information they wanted, they would prepare a false report stating that he had cooperated with them and was a "snitch," and the inmates at SCI Phoenix would harm him as a result. (*Id*.) McCary repeated that he was not present when the murder occurred, as evidenced by camera footage, and asked that they not produce a report labelling him a "snitch," because doing so would place his safety at risk. (*Id*. at 9.) The Unknown Detectives responded, "then tell us what we want to hear." (*Id*.)

McCary refused to provide falsified information, told the Defendants he could not help them, and asked permission to leave the security department. (*Id*. at 9-10.) The Unknown Detectives repeated their threat that they would falsely state that McCary had cooperated with them to prompt an attack by other inmates. (*Id*. at 10.) Some time later, McCary learned from several inmates that the "Montgomery County police department" had issued a report stating that he had cooperated with them, and that unidentified SCI Phoenix officers were showing the report to inmates. (*Id*.) As a result of this, McCary was threatened and attacked. (*Id*.)

McCary claims that SCI Phoenix failed to protect him once they were made aware of the danger he faced.[3] (*Id*.) He also claims that the Unknown Detectives employed by the "Montgomery County police department" subjected him to cruel and unusual punishment and failed to protect him when they labelled him a snitch knowing that it would place his life in danger. (*Id*. at 11.) Additionally, he claims that the Defendants retaliated against him when he refused to cooperate in their investigation. (*Id*.) McCary asserts claims for violations of his First

---

[3] No SCI Phoenix employees are named as Defendants.

and Eighth Amendment rights, and related state law claim.  (*Id*. at 5, 11.)  He seeks money

damages.  (*Id*. at 13.)

## II.      STANDARD OF REVIEW

The Court will grant McCary leave to proceed *in forma pauperis* because it appears that

he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher

v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept

the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's

favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See

Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds

recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory

allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because McCary proceeding *pro se*, the Court construes his allegations liberally.  *See

Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704

F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when

the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient

facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An

unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that

apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Additionally, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93. The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.   DISCUSSION

### A.   Section 1983 Claims

McCary asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

McCary's claims cannot proceed as pled because he has not sufficiently identified the "Unknown Detectives" he names as Defendants or described their personal involvement in the events giving rise to his claims. The Complaint names only "Unknown Detectives." (*See* Compl.) "Doe defendants 'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.'" *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) (quoting *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 36 (E.D. Pa. 1990)). The "naming of fictitious defendants" until discovery yields those defendants' identities is a particularly important tool in cases filed by self-represented plaintiffs who are incarcerated, since such plaintiffs "often face informational disadvantages." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678; *see also Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (describing the circumstances in which discovery might be necessary to identify unknown defendants); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995) ("[B]ecause Billman is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint."). However, "an action cannot be maintained solely

against Doe defendants" and "the case law is clear that fictitious parties must eventually be dismissed, if discovery yields no identities." *Hines*, 137 F.3d at 155 (cleaned up); *see also Baker v. United States*, 642 F. App'x 147, 151-52 (3d Cir. 2016).

McCary does not provide sufficient information about the Unknown Detectives for the case to proceed to either service or some form of limited discovery. The only Defendants listed are two "Unknown Detectives" employed by the "Montgomery County police department."[4] (Compl. at 3, 10.) It is not clear where these detectives are employed such that limited discovery could be used to identify them because McCary does not specify the employing police department or even the municipality in Montgomery County that employed the Defendants. While the Court recognizes that self-represented litigants, particularly those who have been incarcerated as McCary was during the events giving rise to his claims, at least some of this information seems reasonably within McCary's ability to discover, particularly as he is no longer incarcerated and is at liberty to investigate the facts of this case..

More significantly, McCary repeatedly refers to the Defendants collectively and does not include allegations describing whether or how each was personally involved in the alleged violations of his rights. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *see also Walker v. Wetzel*, No. 22-1357, 2022 WL 4103632, at *3 (3d Cir. Sept. 8, 2022) (*per curiam*) (affirming the district court' s conclusion that generalized reference to "officers" did not allege personal involvement);

---

[4] There appears to be no entity  named "Montgomery County Police Department" in Pennsylvania. Montgomery County, Pennsylvania's website identifies 62 municipal police departments. https://www.montgomerycountypa.gov/departments/district-attorney/law-enforcement-courts/police-departments. (Last visited June 14, 2026.)

*Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with district court that repeated and collective use of term "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged.")  With the exception of a referenc e that one of them was female, McCary does not attempt to attribute any of the conduct described in the Complaint to either of the Unknown Detectives, meaning that the Complaint fails to provide fair notice of the grounds upon which his claims against each Defendant rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). McCary's claims, as pled, are undeveloped and not plausible and will be dismissed.  McCary will be granted leave to file an amended complaint to "flesh out his allegations by . . . explaining in [the second] amended complaint the 'who, what, where, when and why' of his claim."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

>    **B.    State Law Claims**

Because the Court has dismissed his federal claims, it will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the state law claims for negligence and intentional infliction of emotional distress that McCary seeks to pursue.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiffs' burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

McCary does not allege the citizenship of the parties.  Rather, he provides a Delaware address for himself and a Montgomery County employment address for the Doe Defendants. (*See* Compl.)  There is no allegation that the parties are diverse, nor can there be while the identities of the Defendants remains unknown.  *See Abels State Farm Fire & Casualty Co.*, 770 F.2d 26, 29-32 (3d Cir. 1985) (holding that where the face of complaint stated allegations that the John Doe defendants were responsible for wrongful conduct at heart of plaintiff's claims, this justified the court's consideration of their citizenship, defeating diversity jurisdiction); *Odell v. One W. Bank, NA*, No. 16-0984, 2016 WL 3551621, at *1 (E.D. Pa. June 30, 2016) ("The use of John Doe defendants in diversity cases in which they are not merely nominal or extraneous parties destroys § 1332 subject matter jurisdiction because the court is unable to determine

whether there is complete diversity.").  Accordingly, McCary has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intend to pursue.

Additionally, although McCary seeks money damages, he does not allege that the amount in controversy in this case exceeds $75,000.  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).  For this reason, too, McCary has failed to satisfy his burden of establishing the existence of diversity jurisdiction, and his state law claims, accordingly, will be dismissed for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant McCary leave to proceed *in forma pauperis*, dismiss his constitutional claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss his state law claims without prejudice for lack of

subject matter jurisdiction.  McCary will be granted leave to file an amended complaint.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**/s/ *John Milton Younge***
**JOHN M. YOUNGE, J.**