## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAMERON MCCARY,             :
    Plaintiff,                :

                          :

    v.                     :        CIVIL ACTION NO. 26-CV-0042

                          :

UNKNOWN DETECTIVE,      :
    Defendant.            :

## ORDER

AND NOW, this 16th day of June, 2026, upon consideration of Plaintiff Cameron McCary's Affidavit in Support of Motion to Proceed *In Forma Pauperis* (ECF No. 11), and *pro se* Complaint (ECF No. 1) it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    The Complaint is **DEEMED** filed.

3.    The Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

    a.  McCary's constitutional claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    b.  McCary's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4.    McCary may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for McCary's claims against each defendant.  The amended complaint must also provide as much identifying information for the defendants as possible.  McCary may refer to a

defendant by last name only if that is the only identifying information possessed.  If McCary

wishes to name individuals for whom he does not have any identifying information, he may refer

to those individuals as John Doe #1, John Doe #2, etc.[1]  The amended complaint shall be a

complete document that does not rely on the initial Complaint or other papers filed in this case to

state a claim.  When drafting his amended complaint, McCary should be mindful of the Court's

reasons for dismissing the claims in his initial Complaint as explained in the Court's

Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until

so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send McCary a blank copy of this Court's

current standard form to be used by a self-represented litigant filing a civil action bearing the

above-captioned civil action number.  McCary may use this form to file his amended complaint

if he chooses to do so.

6. If McCary does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d

Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that McCary may file.

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.    If McCary fails to file any response to this Order, the Court will conclude that McCary intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).